UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN ANDREW BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>Senator AMY KLOBUCHAR, Minnesota,<br><br>Defendant. | Civil No. 10-2091 (PAM/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed In District Court Without Prepaying Fees Or Costs," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

To state an actionable claim for relief, a complaint must set forth a comprehensible statement of historical facts, which, if ultimately proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:

the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff is attempting to sue United States Senator Amy Klobuchar. Plaintiff is seeking a writ of mandamus that would compel Senator Klobuchar to provide him with some type of "application for appropriations." Plaintiff's complaint is a rambling and disjointed collection of bizarre allegations. Most of the complaint is simply unintelligible.

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because it does not provide a comprehensible statement of facts, and it does not identify any plausible legal theory on which a viable claim could be based. Because Plaintiff has failed to plead a cause of action on which relief can be granted, the Court will recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed In District Court Without Prepaying Fees or Costs," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 20, 2010

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 4, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.