UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan Andrew Bryant,                      Civil No. 10-2091 (PAM/SRN)

             Petitioner,

v.

                                         **ORDER AND MEMORANDUM**

Amy Klobuchar,

             Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Susan Nelson dated May 20, 2010. Petitioner Nathan Bryant has responded with a Commentary and Argument to Judge Nelson's R&R. Even though Petitioner's Commentary and Argument does not appear to make specific objections to the R&R, the Court views Petitioner's document as an objection and treats it as such.

The Court must conduct a de novo review of all portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. L. R. 72.2(b). The Court has considered Petitioner's objections and reviewed the R&R de novo. Based on that review, the Court adopts the R&R's recommendation and dismisses the Petition with Prejudice.

**BACKGROUND**

Petitioner commenced action by filing a petition against Senator Amy Klobuchar, along with an application to proceed in forma pauperis ("IFP"). The Petition seeks a writ of

mandamus compelling Senator Klobuchar to give him an "application for appropriations." Petitioner believes this application will allow him to obtain funds to move abroad and eventually renounce his American citizenship.

Petitioner believes he has been under continuous FBI surveillance. He alleges that a series of unfortunate events in his life are all connected to an ongoing FBI investigation and his Petition contains a description of these events. However, his account of these events is difficult to decipher.

From what the Court is able to discern, Petitioner was to receive two million dollars from the Central Bank of Nigeria when Petitioner's Supreme Court case (Case No. 08-8260) ended. However, the FBI redirected this money into Nigeria, thus obstructing Petitioner's access to these funds. Petitioner alleges the FBI redirected the two million dollars because he was a suspected terrorist. Petitioner also alleges that his 2008 loss of employment at a Rosedale Mall clothing store was because his managers were relatives of FBI agents. Finally, Petitioner claims he was persecuted against and harassed while a student at the University of Wisconsin, Platteville; Petitioner believes this to be a direct result of FBI surveillance.

Petitioner states that he has informed both Minnesota Senators Amy Klobuchar and Al Franken of the aforementioned events. Petitioner believes that the only remedy for his situation is to receive appropriations that will allow him to move abroad and disavow his American citizenship.

Judge Nelson's R&R denied Petitioner's IFP application because it failed to state an

actionable claim of relief and dismissed Petitioner's claim.

**DISCUSSION**

Judge Nelson correctly denied Petitioner's IFP application and dismissed his claim. Pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii), the court can dismiss an IFP application if it "fails to state a claim on which relief may be granted." See Atkinson v. Bohn, 91 F.3d 1127, 1128-129 (8th Cir. 1996) (per curiam) (where Petitioner failed to assert sufficient facts that supported a claim for relief, Petitioner's allegations were "speculative and conclusory").

To state an actionable claim for relief, the petitioner must provide a clear statement of facts that are based on a feasible legal theory and, if proven true, provide the complainant with a legal remedy against the defendant. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In the current matter, Petitioner has failed to state a claim for relief in both his Petition and Commentary and Argument. The Petitioner fails to assert any plausible legal theory under which he could recover. In addition, Petitioner's desire for an "application for appropriations" is not a type of relief recognized by the Court. Therefore, Petitioner's claims are dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 3) is **ADOPTED**; and

2. Petitioner's Petition for a Writ of Mandamus (Docket No. 1) is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, June 17, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge